**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAMEIKA HAMPTON,<br><br>    Plaintiff,<br><br>v.<br><br>ATL HAWKS, LLC (DE) and<br>ARENA OPERATIONS, LLC d/b/a<br>STATE FARM ARENA,<br><br>    Defendants. | Civil Action File No.<br>1:26-cv-02848-TRJ-JHR<br><br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants ATL Hawks, LLC, and Arena Operations, LLC (collectively, "Defendants"), by counsel, move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III of Plaintiff Tameika Hampton's Complaint for failure to state a claim upon which relief can be granted and states as follows:

**INTRODUCTION**

Count III asserts a claim under O.C.G.A. § 34-2-10, but the allegations fatally concern alleged coworker misconduct and Defendants' investigation and response, rather than physical workplace safety as contemplated by the statute. Because O.C.G.A. § 34-2-10 concerns physical workplace safety and not harassment or hostile work environment, the Court should dismiss Count III with prejudice.

1

## RELEVANT FACTUAL BACKGROUND

Plaintiff alleges that she works as an Event Security Officer ("ESO") at State Farm Arena in Atlanta, Georgia. Compl. ¶¶ 5, 22. Plaintiff's Complaint names ATL Hawks, LLC, and Arena Operations, LLC d/b/a State Farm Arena[1] as Defendants and alleges they were Plaintiff's joint employers within the meaning of O.C.G.A. § 34-2-10. Compl. ¶¶ 6–10.

On October 15, 2025, Plaintiff alleges coworker Kareem Clark ("Clark") approached her from behind while a work, and intentionally pressed himself against her person without her consent. Compl. ¶ 25–27. On October 17, 2025, Plaintiff alleges she reported the incident with Clark to Captain Jasmine Head ("Head"), and that Head escalated the report to Event Security Manager Meredith Clemmons ("Clemmons"). Compl. ¶ 30–32. Plaintiff alleges that Clemmons instructed Plaintiff to submit a complaint, and that Clemmons assured her that the matter would be taken seriously, that Human Resources would be involved, and that Plaintiff's safety and well-being were priorities. Compl. ¶¶ 32–33. Plaintiff also alleges that Defendants delayed corrective action and failed to provide clear safety protocols or property escort procedures. Compl. ¶ 34. On December 18, 2025, Plaintiff alleges she encountered Clark at work and was forced into close proximity with him as she exited following her shift, contradicting prior assurances. Compl. ¶ 56–57, 59.

---

[1] State Farm Arena is not a d/b/a of Arena Operations, LLC.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A formulaic recitation of the elements of a cause of action does not satisfy that standard. *Twombly*, 550 U.S. at 555. Although a court accepts well-pled factual allegations as true at the pleading stage, it need not accept legal conclusions, conclusory allegations, speculation, or unsupported inferences as true. *Iqbal*, 556 U.S. at 678. That distinction matters here because Plaintiff titles Count III as a "Duty to Provide Reasonably Safe Employment" claim under O.C.G.A. § 34-2-10. But the Court need not accept the legal conclusion that § 34-2-10 reaches the alleged harassment, investigation, and response theories concerning Count III.

O.C.G.A. § 34-2-10 requires an employer to furnish employment that is reasonably safe for employees, use safety devices and safeguards, adopt methods and processes reasonably adequate to render the workplace safe, and do what is reasonably necessary to protect employees' life, health, safety, and welfare. O.C.G.A. § 34-2-10(a). While broadly worded, § 34-2-10 concerns physical workplace safety only, not sexual harassment or hostile work environment. *Metro. Atlanta Rapid Transit Auth. v. Mosley*, 280 Ga. App. 486, 634 S.E.2d 466 (2006) (holding that § 34-2-10 does not apply as a vehicle for sexual harassment/hostile

3

work environment claims where Plaintiff claims that her supervisor touched her inappropriately).

In *Forsberg v. Pefanis,* the Court expressly ruled that § 34-2-10 does not apply to sexual harassment in the workplace. No. 1:07-CV-3116-JOF, 2009 WL 901012, at *1–2 (N.D. Ga. Mar. 27, 2009), *aff'd*, 634 F. App'x 676 (11th Cir. 2015). As the Court explained, the statute was passed more than seventy years ago and was not designed to address harassment claims. *Id.* at *1. Rather, § 34-2-10 was historically invoked concerning physical injury in the workplace, such as employees burned in explosions or injured on job sites. *Id.* The Court clarified that § 34-2-10 categorically cannot hold an employer liable for sexual harassment in the workplace. *Id.* at *2.

In *Smith v. Pefanis*, the Court's reasoning reinforced that § 34-2-10 is limited to physical workplace conditions and cannot hinge on the same alleged misconduct underlying a hostile work environment claim. 652 F. Supp. 2d 1308, 1336 (N.D. Ga. 2009). *See also Orquiola v. Nat'l City Mortg. Co.*, 510 F. Supp. 2d 1134, 1162 (N.D. Ga. 2007) (finding a coworker's sexual advances insufficient for liability under § 34-2-10); *Smith v. Akstein*, 408 F. Supp. 2d 1309, 1337 (N.D. Ga. 2005) (finding "allegations amounting to emotional distress and harassment," cannot establish liability under § 34-2-10); *Kimsey v. Akstein*, 408 F. Supp. 2d 1281, 1308 (N.D. Ga. 2005) (finding no physical injury precluded a § 34-2-10 claim brought by an employee claiming sexual harassment on part of a coworker). Thus, when a plaintiff

pleads a § 34-2-10 claim based on alleged harassment or an employer's response, the claim fails as a matter of law.

## LEGAL ANALYSIS

I. **The Court should dismiss Count III because O.C.G.A. § 34-2-10 does not apply to sexual harassment or hostile work environment.**

Count III should be dismissed because Plaintiff does not plead a physical workplace condition or safety claim within the meaning of § 34-2-10. Compl. ¶¶ 88–92. Plaintiff alleges that Defendants breached § 34-2-10 by failing to conduct a prompt and adequate investigation, failing to prevent Plaintiff from encountering Clark after she reported the alleged incident, failing to maintain or preserve adequate surveillance and security systems, and allowing conditions inside the Arena that allegedly impaired surveillance visibility and undermined workplace safety. Compl. ¶ 90. Those allegations do not identify an unsafe physical condition of the workplace or any comparable physical condition that caused Plaintiff's alleged injuries. They instead challenge Defendants' alleged response to Plaintiff's complaint and later decisions. Compl. ¶¶ 26, 34–42, 55–62, 90.

A. **Federal courts have rejected Plaintiff's attempted use of § 34-2-10.**

The line of authority from this District forecloses Plaintiff's theory. In *Forsberg*, the Court clarified that § 34-2-10 was enacted to address physical workplace injuries. 2009 WL 901012, at *1. That holding applies here because Count III does not allege an unsafe physical workplace condition; it alleges that

Defendants failed to adequately investigate and respond to Plaintiff's complaint. Compl. ¶ 90(a)–(e). That is precisely the type of harassment and response allegations that *Forsberg* held fall outside the statute's scope.

*Orquiola* is particularly instructive because it involved factual allegations concerning sexual advances that closely resemble those at issue here. 510 F. Supp. 2d at 1162. As the Court found, even two instances of sexual advances could not hold an employer liable under § 34-2-10 because the statute was not designed to address that type of conduct. *Id.* Here, Plaintiff alleges a single incident and then challenges the investigation and response. Compl. ¶¶ 26, 34–42, 56–62, 90. If two instances of sexual advances could not state a § 34-2-10 claim in *Orquiola*, Plaintiff's allegations cannot state one here.

*Pefanis* reinforced that the statute applies only to the physical work environment and cannot be extended to sexual harassment claims and therefore granted summary judgment on the § 34-2-10 claim. 652 F. Supp. 2d at 1336. Count III suffers the same fatal defect. Plaintiff's alleged statutory breaches are all challenges to Defendants' response to alleged harassment, not claims that the physical workplace itself presented a defective physical condition. Compl. ¶ 90.

*Akstein*, held that "based on allegations amounting to emotional distress and harassment, an employer cannot be held liable for a breach of the duty to maintain a safe working environment" under § 34-2-10. 408 F. Supp. 2d at 1337. *Kimsey*

6

reached the same conclusion, finding that the absence of any physical injury precluded a § 34-2-10 claim brought in the context of sexual harassment by a coworker. 408 F. Supp. 2d at 1308. Plaintiff's Count III seeks recovery exclusively for emotional distress, mental anguish, humiliation, counseling expenses, and other compensatory damages. Compl. ¶ 92. Plaintiff does not allege any physical injury, and her damages are emotional and psychological; that is precisely the type of harm that *Akstein* and *Kimsey* held cannot sustain a § 34-2-10 claim.

### B.     Plaintiff's allegations about the December 18 encounter do not change the analysis.

Plaintiff alleges that she encountered Clark at work on December 18, 2025, and had to walk past him to exit. Compl. ¶¶ 56–59. But those allegations describe an alleged scheduling and proximity issue following a workplace complaint, not an unsafe physical condition of employment within the meaning of § 34-2-10. In *Mosley*, the Court of Appeals held that even alleged improper touching by a supervisor could not sustain a § 34-2-10 claim where fear of her physical safety was absent. 280 Ga. App. at 486. Plaintiff's December 18 allegation involves no physical contact, no threatening conduct, and no physical safety threat, only emotional distress of being in proximity to a person she previously complained about. Compl. ¶¶ 56–59. Given *Mosley*, Plaintiff's allegation of walking past Clark absent physical contact or threat cannot satisfy § 34-2-10.

7

## II.    Dismissal with prejudice and denial of leave to amend is proper.

The alleged statutory breach contained in Count III challenges Defendants'

response to Plaintiff's sexual harassment complaint rather than identifying an unsafe

physical workplace condition. Compl. ¶¶ 26, 32–42, 56–62, 90. This Court and

Georgia courts have uniformly refused to permit plaintiffs to repackage harassment

allegations as § 34-2-10 claims. Thus, plaintiffs who plead under § 34-2-10 must

face dismissal.

*Dault v. Georgia Urology, P.A.* is instructive for treatment of this issue at this

stage and directly supports dismissal with prejudice. No. 1: 20-CV-B00828-LMM-

RDC, 2020 WL 10139416, at *5–6 (N.D. Ga. Dec. 18, 2020), *report and*

*recommendation adopted*, No. 1:20-CV-00828-LMM-RDC, 2021 WL 2517373

(N.D. Ga. Feb. 1, 2021). In *Dault*, the plaintiff alleged that her employer subjected

her to harassment and created hostile conditions, and she invoked § 34-2-10 as a

basis for recovery. *Id.* The Court dismissed the § 34-2-10 claim with prejudice,

explaining that "liability for failure to maintain a safe work environment attaches

only to conduct that causes or is likely to cause serious physical injury." *Id.* at *6 n.

3. And the Court denied leave to amend, finding it futile because the plaintiff had

not alleged facts showing that her physical safety was seriously threatened at any

time during the course of the alleged harassment. *Id.* at *6. That reasoning applies

with equal force here.

Plaintiff's Count III does not allege that Defendants' investigative response caused or was likely to cause serious physical injury to Plaintiff. Compl. ¶¶ 90–92. Plaintiff's damages are framed in terms of emotional distress and mental anguish. Compl. ¶ 92. Because Plaintiff cannot recast these allegations as a physical safety claim within the meaning of § 34-2-10, amendment would be futile, and the claim should be dismissed with prejudice.

The defect is not that Plaintiff has omitted a detail that could clarify a viable § 34-2-10 theory; the defect is that the theory itself is directed to alleged harassment, investigation, and response conduct. As *Dault* held, amendment is futile where the plaintiff cannot allege facts showing that her physical safety was seriously threatened. 2020 WL 10139416, at *6. Plaintiff's Complaint makes clear that her injuries are emotional distress, mental anguish, humiliation, and counseling expenses, not physical injury. Compl. ¶ 92. No amount of repleading can transform allegations about an employer's harassment investigation and response into a claim for physical workplace safety under § 34-2-10. Accordingly, the Court should dismiss Count III with prejudice.

WHEREFORE, Defendants respectfully request that the Court dismiss Count III of Plaintiff's Complaint with prejudice. Defendants also request such other relief as the Court deems just and proper.

9

Respectfully submitted this 22nd day of June, 2026.

**BARNES & THORNBURG LLP**

*/s/ Raanon Gal*
Raanon Gal
Georgia Bar No. 100281
Leslie K. Eason
Georgia Bar No. 100186
Robert P. Baker
Georgia Bar No. 971854
3340 Peachtree Road N.E., Suite 2900
Atlanta, Georgia 30326
Tel: (404) 846-1693 | Fax (404) 264-4033
RGal@btlaw.com
Leslie.Eason@btlaw.com
RPBaker@btlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1.D, this certifies that the foregoing document complies with the font and point selections approved by L.R. 5.1.C. The foregoing document was prepared using Times New Roman font in 14 point.

This 22nd day of June, 2026.

/s/ Raanon Gal
Raanon Gal
Georgia Bar No. 100281

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2026, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record.

/s/ *Raanon Gal*
Raanon Gal
Georgia Bar No. 100281